```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION
```

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| I & I PIZZA OF ATLANTA, INC., | : Case No. 18-51404-PWB |
| and L & I FOOD, INC., | : Case No. 18-51405-PWB |
| | : Jointly Administered Under |
|     Debtors. | : Case No. 18-51404-PWB |
| _____ | : |
| | : |
| L & I FOOD, INC., | : |
| | : |
|     Movant, | : |
| | : |
| vs. | : |
| | : |
| LV RETAIL, LLC, | : |
| | : |
|     Respondent. | : |
| | : |
| _____ | : |

**L & I FOOD, INC.'S MOTION FOR ENTRY OF ORDER APPROVING SECOND AMENDMENT TO PRE-PETITION PREMISES LEASE AND AUTHORIZING DEBTOR'S ASSUMPTION OF THE AMENDED LEASE**

COMES NOW L & I Food, Inc., debtor and debtor in possession in the above-styled chapter 11 case (the "Movant"), and files this "MOTION FOR ENTRY OF ORDER APPROVING SECOND AMENDMENT TO PRE-PETITION PREMISES LEASE AND AUTHORIZING DEBTOR'S ASSUMPTION OF THE AMENDED LEASE" (the "Motion"). In support of the Motion, Movant respectfully shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Introduction**

2. On January 29, 2018, I & I Pizza Of Atlanta, Inc. and Movant filed separate Chapter 11 Bankruptcy Petitions currently pending before this Court. Pursuant to Orders of the Court entered on February 2, 2018, the cases are being jointly administered pursuant Federal Rule of Bankruptcy Procedure 1015(b). I & I Pizza Of Atlanta, Inc. and Movant continue to manage their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Reference is hereby made to that certain Lease Agreement dated October 11, 2016 by and between Respondent as "Landlord" therein, and Movant as "Tenant" therein, regarding premises (the "Premises") having an address of 2521 Piedmont Road NE; Suite 2102, Atlanta, Georgia 30324, as amended by the terms of that certain First Amendment to Lease Agreement dated August 2, 2017 by and between the parties.

4. Movant filed its "Motion For Extension Of Time To Assume Or Reject Lease Of Non-Residential Real Property" on April 25, 2018 [Doc. No. 62] (the "Motion to Extend Time"), seeking entry of a Court Order pursuant to 11 U.S.C. §365(d)(4)(b)(i) extending the deadline for Movant to either assume or reject the amended Lease Agreement. True and correct

copies of the Lease Agreement and the First Amendment to Lease Agreement are attached as exhibits to the Motion to Extend Time.

5. The Court entered an Order on May 29, 2018 [Doc. No. 74] extending the deadline for Movant to either assume or reject the amended Lease Agreement through and including August 27, 2018. The Court entered a subsequent Order on August 29, 2018 [Doc. No. 102] extending said deadline through and including October 9, 2018.

6. Movant and Respondent have now agreed upon the terms of that certain Second Amendment to Lease, a true and correct copy of which is attached hereto as **Exhibit "A"**. (The Lease Agreement, as amended by the First Amendment to Lease Agreement and the Second Amendment to Lease, is hereinafter referred to as the "Lease"). Parties in interest are encouraged to read the Second Amendment to Lease so that they may fully understand its terms. Movant submits that the substantive terms of the Second Amendment to Lease are as follows:

(i) To provide that the Lease Term [1] commenced on July 1, 2017 and shall expire on June 30, 2025 unless extended as provided in the Second Amendment to Lease;

(ii) To provide that Movant shall operate its Restaurant under the Trade Name "Sarpino's Pizzeria" in accordance with the terms of the Franchise Agreement by and between Movant and Sarpino's USA, Inc. (the "Franchisor");

(iii) To provide that Minimum Annual Rent shall be abated during the time period December 1, 2017 through November 30, 2019 (the "Abatement Period");

---

[1] Capitalized terms used herein, but not otherwise defined herein, shall have the meanings ascribed to them in the Second Amendment to Lease.

3

    (iv)  To provide that, througout the Term, including the Abatement Period, Movant shall be obligated to pay its propportionate share of CAM and Taxes (collectively, "Additional Rent");

    (v)  To provide that Movant shall pay eighteen consecutive monthly payments of $204.28 each, beginning September 1, 2018, in repayment of past due post-Petition payments due under the Lease;

    (vi)  To provide that, in considertaion of the accomodations granted to Movant, the Improvement Allowance shall no longer be provided to Movant.  Tenant's Work, and all other improvements made or to be made by Movant to the Premises, shall be made at Movant's sole cost and expense; and

    (vii)  To provide that Ihar Dziatko and Iryna Dziatko shall each execute a New Guaranty personally guarantying all of the Movants obligations under the Lease.

### Relief Requested

7.  Movant seeks entry of an Order pursuant to 11 U.S.C. §§ 363 and 365 authorizing it to (i) enter into the Second Amendment to Lease, and (ii) assume the Lease as amended.

### Basis for Relief

8. 11 U.S.C. § 363(b)(1) Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). The use, sale, or lease of property of the estate, other than in the

ordinary course of business, is authorized when there is a "sound business purpose" that justifies such action. *See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) (stating that judicial approval under section 363 of the Bankruptcy Code requires a showing that there is a good business reason).

9. When a valid business justification exists, the law vests the debtor's decision to use property out of the ordinary course of business with a strong presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (citations and internal quotations omitted), *app. dismissed*, 3 F.3d 49 (2d Cir. 1993).

10. In the instant case, the Movant believes that its decision to enter into the Second Amendment to Lease is well within its sound business judgment.  Entering into the Second Amendment to Lease will enable Movant to assume the Lease, which will be beneficial to Movant's ability to successfully reorganize for the benefit of the creditor body.

11. Movant submits that authorizing Movant to enter into the Second Amendment to Lease will be beneficial to the estate and represents a sound exercise of Movant's business judgment.

12.  Furthermore, 11 U.S.C. § 365 provides that a debtor in possession may, subject to court approval, assume an unexpired lease.  In order to assume an executory contract or unexpired

lease, a debtor must promptly cure defaults or provide "adequate assurance" that the debtor will promptly cure such default. 11 U.S.C. §365(b)(1).

13. The assumption or rejection of an executory contract or unexpired lease lies within the sound business judgment of the debtor in possession. *See e.g. NLRB v. Bildisco*, 465 U.S. 513, 523 (1984); *Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D.Del. 1995). The debtor in possession need only "apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2nd Cir. 1993).

14. The Premises are essential to Movant's successful reorganization. The cost, expense, and delay associated with having to relocate to new premises would be prohibitive.

15. As reflected in the Second Amendment to Lease, Movant and Respondent have agreed upon repayment terms of all Lease arrearage. Movant states that Respondent and Franchisor support Movant's assumption of the amended Lease.

WHEREFORE, Movant respectfully requests that the Court enter an Order authorizing Movant to (i) enter into the Second Amendment to Lease, and (ii) assume the Lease as amended.

Dated: September 14, 2018

Prepared and submitted by,
PAUL REECE MARR, P.C.
Debtors' attorney
 /s/ Paul Reece Marr
Paul Reece Marr
GA Bar No. 471230
300 Galleria Parkway
Suite 900
Atlanta, Georgia 30339
770-984-2255

```
                UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
In re:                              :   Chapter 11
                                    :
I & I PIZZA OF ATLANTA, INC.,       :   Case No. 18-51404-PWB
and L & I FOOD, INC.,               :   Case No. 18-51405-PWB
                                    :   Jointly Administered Under
      Debtors.                      :   Case No. 18-51404-PWB
                                    :
_____:
                                    :
L & I FOOD, INC.,                   :
                                    :
      Movant,                       :
                                    :
vs.                                 :
                                    :
LV RETAIL, LLC,                     :
                                    :
      Respondent.                   :
                                    :
_____:
```

CERTIFICATE OF SERVICE

    I, Paul Reece Marr, certify that I am over the age of 18 and that on the below date I served a copy of the foregoing L & I FOOD, INC.'S MOTION FOR ENTRY OF ORDER APPROVING SECOND AMENDMENT TO PRE-PETITION PREMISES LEASE AND AUTHORIZING DEBTOR'S ASSUMPTION OF THE AMENDED LEASE by first class U.S. Mail, with adequate postage prepaid, on the following persons or entities at the addresses stated:

[see attached list]

    This 14th day of September, 2018

                                              /s/ Paul Reece Marr
                                              Paul Reece Marr
                                              GA Bar No. 471230

Paul Reece Marr, P.C.
300 Galleria Parkway
Suite 960
Atlanta, GA 30339
770-984-2255

David S. Weidenbaum
Office of the U. S. Trustee
362 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303-3367

Arlene L. Coleman
Coleman & Dempsey, LLP
Suite 1250
Two Ravinia Drive
Atlanta, GA 30346

Caiola & Rose
Elizabeth B. Rose
150 E. Ponce de Leon Ave.
Suite 410
Decatur, GA 30030