

**IT IS ORDERED as set forth below:**

**Date: July 2, 2019**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| I & I PIZZA OF ATLANTA, INC., and L & I FOOD, INC., | CASE NO. 18-51404-PWB<br>CASE NO. 18-51405-PWB<br>Jointly Administered Under<br>CASE NO. 18-51404-PWB |
| Debtors. | CHAPTER 11 |
| I & I PIZZA OF ATLANTA, INC., | |
| Objector, | CONTESTED MATTER |
| v. | |
| SHELEAH BLACK [CLAIM NO. 11]; CHRISTI GRANT [CLAIM NO. | |

12]; JAMAAL RUSS [CLAIM NO. 13]; and ANESSA WALKER [CLAIM NO. 14],

    Claimants.

## ORDER DISALLOWING PROOFS OF CLAIMS NOS. 12, 13, AND 14

Sheleah Black, Christi Grant, Jamaal Russ, and Anessa Walker filed proofs of claim alleging damages for violations of the Fair Labor Standards Act in the course of their employment with the Debtor, I & I Pizza of Atlanta, Inc. The Debtor seeks disallowance of the claims on the ground that they were not timely filed. For the reasons stated herein, the Debtor's objections are sustained and the claims are disallowed.

### I.    FACTUAL BACKGROUND

The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 29, 2018. The Debtor's schedules list the claimants, for notice purposes in care of their attorney, as holders of unsecured, nonpriority claims in an "unknown" amount. [Doc. 34]. Their attorney is representing them in this case.

On April 18, 2018, the Court entered an Order setting June 19, 2018 as the bar date for filing proofs of claim (the "Bar Date Order"). The Bar Date Order provides in pertinent part:

> Pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, the deadline for the filing of a proof of claim by any

2

creditor whose claim is not set forth on the schedules of liabilities, or whose claim is listed on said schedules as disputed, contingent, or unliquidated, is hereby fixed as June 19, 2018.  If a creditor whose claim is not listed or whose claim is listed as disputed, contingent, or unliquidated fails to file a proof of claim on or before said deadline, the creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Any creditor who desires to rely on the Debtor's schedules of liabilities has the responsibility for determining that the creditor's claim is accurately listed.

. . .

**This is a Bar Order**.  A creditor's failure to file a proof of claim by the deadline, if required, may result in denial of the creditor's right to vote on any Chapter 11 plan that is proposed in this case and of the right to participate in any distributions to creditors that are made under any Chapter 11 plan that is confirmed.

The Debtor served copies of the Bar Date Order on the Claimants in care of their attorney.  The Claimants did not file proofs of claim prior to the expiration of the bar date.

On November 28, 2018, the Debtor amended Schedules E/F to clarify that the Claimants' claims were contingent, unliquidated, and disputed.

On January 14, 2019, the night before hearing on confirmation of the Debtor's plan and approximately seven months after the bar date expired, the Claimants filed proofs of claim in various amounts for "FLSA unpaid minimum and overtime wages."

The Debtor contends that the claims must be disallowed because they were not timely filed.

The Claimants correctly note that the Debtor in its original schedules did not check the box on the form to identify their claims as disputed, contingent, or unliquidated. Thus, they argue, the Debtor did not schedule their claims as disputed, contingent, or unliquidated, and the Bar Date Order, which requires the filing of a proof of claim only if the claim "is listed on [the Debtor's] schedules as disputed, contingent, or unliquidated," does not apply.

Alternatively, the Claimants contend that, even if the Bar Date Order applies, the Court should allow their claims as tardily filed under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure due to excusable neglect.

The Debtor responds that the schedules identified the claims as disputed, contingent, or unliquidated because they stated the amount of the claims as "unknown" and referred to the pending litigation in which the Claimants were prosecuting them and that the Claimants have not demonstrated excusable neglect.

The Court held a hearing on the Debtor's objections on March 26, 2019 at which it gave the Claimants an opportunity to file a brief on whether their

late-filed claims could be allowed on the ground of "excusable neglect." The Claimants did not file a post-hearing brief.

## II.   LEGAL ANALYSIS

Under 11 U.S.C. § 502(b)(9), the Court must disallow a proof of claim that is not timely filed, subject to certain exceptions. In a Chapter 11 case, a proof of claim that the debtor lists on its schedules is deemed filed unless it is scheduled as "disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a).

Rule 3003(c) of the Federal Rules of Bankruptcy Procedure implements §§ 502(b)(9) and 1111(a). Rule 3003(c)(2) requires a creditor in a Chapter 11 case whose claim is "scheduled as disputed, contingent or unliquidated" to file a proof of claim within the time fixed by the Court.

The Bar Date Order tracks the language of Rule 3003(c)(2). It fixes a deadline of June 19, 2019, for the filing of a proof of claim by "any creditor whose claim is not set forth on the schedules of liabilities, or whose claim is listed on said schedules as disputed, contingent, or unliquidated." The Bar Date Order further provides, "Any creditor who desires to rely on the Debtors' schedules of liabilities has the responsibility for determining that the creditor's claim is accurately listed."

Because the Claimants did not timely file proofs of claim, § 502(b)(9) requires disallowance of the claims unless (1) the Claimants were not required

5

to file a proof of claim because the Debtor's schedules did not list their claim as "disputed, contingent, or unliquidated" or (2) the existence of "excusable neglect" under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure permits the Court to permit their tardy filing.

### A. Whether the Claimants Were Required to File Proofs of Claim

Whether the Claimants were required to file proofs of claim depends on whether the Debtor in its original schedules listed the amount of the claims as disputed, contingent, or unliquidated. The Debtor scheduled the amount of the claims as "unknown" and referred to the pending litigation in describing their nature. The schedules failed, however, to use the words "disputed, contingent, or unliquidated" in the listing, and the box to indicate this was not checked. The amendment to the schedules after the bar date does not change the effect of the original language for present purposes.

The Court concludes that the initial description of the claims is sufficient to identify them as "disputed, contingent, or unliquidated" in the circumstances of this case.

At the time of filing of the Chapter 11 case, litigation between the parties was pending. The Chapter 11 filing stayed the prepetition litigation between the parties prior to a resolution on the merits. The schedules note the existence of the litigation and state that the amounts of the claims are unknown. The

6

clear import of these circumstances is that the claims are either disputed (because the Debtor denies liability) or unliquidated (because the trial court has not yet determined their amounts).

These words unambiguously show a dispute about the claims and that their amounts are unliquidated.  The Bankruptcy Code, Bankruptcy Rules, and the Bar Date Order do not require specific language that a claim is disputed, contingent, or unliquidated when other words obviously demonstrate that the claim falls into one of those categories.

Because the schedules listed the claims as disputed and unliquidated, the Claimants were required to file proofs of claim within the time fixed in the Bar Date Order.  11 U.S.C. §§ 502(b)(9), 1111(a); Fed. R. Bankr. P. 3003(b)(1), (c)(2), (c)(3).  Their proofs of claim filed after the bar date must be disallowed under 11 U.S.C. § 502(b)(9), unless excusable neglect permits tardy filing.

**B.  Whether the Late Claims May Be Allowed Due to Excusable Neglect**

In a Chapter 11 case, a late-filed proof of claim may be allowed if the tardy filing is due to excusable neglect under Bankruptcy Rule 9006(b)(1) (With certain exceptions not applicable here, when an act is required to be done within a specified period, including by order of court, the court "for cause shown may at any time in its discretion . . . on motion made after the expiration

7

of the specified period permit the act to be done where the failure to act was the result of excusable neglect.").

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court explained that the excusable neglect standard permits courts, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. Whether the neglect is "excusable" requires consideration of factors including the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

The Claimants contend that the way the Debtor originally scheduled the claims, coupled with the Bar Date Order language, resulted in an ambiguity such that the Claimants did not think they were required to file proofs of claim. The Court cannot conclude that these circumstances created an ambiguity with regard to the filing requirement. The Debtor's failure to include exact words or to check a box does not turn clear statements showing disputes as to liability and amount of the claims into ambiguous ones. Standing alone, these circumstances do not establish excusable neglect.

At the March 26, 2019 hearing, the Court invited the Claimants to file a brief further discussing the *Pioneer* factors that inform a decision regarding excusable neglect and to identify other factors that might establish excusable neglect. The Claimants did not file a brief or submit any further documentation.

Based on the record before it and the arguments of counsel at the hearing, the Court concludes that the Claimants have not established that the failure to timely file their claims was due to excusable neglect. The Court concludes that there was no ambiguity regarding the nature of the Claimants' claims, but, even if perceived ambiguity existed, the burden rested on the creditors to file proofs of claim in the amounts they assert they are owed.

### III.   CONCLUSION

Based on the foregoing, it is

ORDERED that the Debtors' objections to the claims of Sheleah Black [Claim No. 11], Christi Grant [Claim No. 12], Jamaal Russ [Claim No. 13], and Anessa Walker [Claim No. 14] are sustained and the claims are disallowed as untimely filed.

This Order has not been prepared for publication and is not intended for publication.

### END OF ORDER

### Distribution List

| | |
|---|---|
| Paul Reece Marr | Charles R. Bridgers |
| Paul Reece Marr, P.C. | DeLong Caldwell Bridgers, |
| 300 Galleria Parkway, N.W. | Fitzpatrick & Benjamin, LLC |
| Suite 960 | 3100 Centennial Tower |
| Atlanta, GA 30339 | 101 Marietta Street, NW |
| | Atlanta, GA 30303 |